UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CRIMINAL NO. 7:08-CR-28-KKC

UNITED STATES OF AMERICA                                                      PLAINTIFF

VS.                                    **OPINION AND ORDER**

MANUEL RAY JONES,                                                            DEFENDANT

\*\*\*\*\*\*\*\*\*\*\*

This matter is before the Court on the following motions filed *pro se* by the Defendant: Motion to Vacate pursuant to 28 U.S.C. § 2255 (DE 399), Motion for Summary Judgment (DE 403), Motion to Reconsider (DE 417), and Motion for Stay of Forfeiture (DE 422). Also before the Court is the government's Motion to Dismiss the Defendant's § 2255 motion (DE 405).

## I.   Background

The Defendant pleaded guilty to one count of conspiracy to distribute oxycodone and one count of possessing firearms in furtherance of drug trafficking crimes. (DE 222, 309.) The Court determined that the Defendant's applicable Sentencing Guidelines range was 46 to 57 months on the conspiracy charge with a mandatory consecutive term of not less than 60 months on the firearms charge pursuant to 18 U.S.C. § 924(c).

The Court sentenced the Defendant to 84 months in prison. (DE 309 at 2.) The Defendant appealed challenging whether the record was sufficient to provide the necessary factual basis for his guilty plea to the firearms charge under 18 U.S.C. § 924(c). The United

States Court of Appeals for the Sixth Circuit dismissed the appeal on the basis that the Defendant had waived his right to appeal this issue in the Plea Agreement (DE 393).

The Defendant then filed this § 2255 motion (DE 399) in which he asserts that his trial counsel was ineffective in three ways. First, he argues that his counsel was ineffective for failing to obtain a "conditional plea" that would have reserved the Defendant's right to appeal the issue of whether the record was sufficient to provide the necessary factual basis for his guilty plea to the firearms charge. Second, the Defendant argues that his counsel was ineffective for failing to provide the Defendant with a copy of the Presentence Report in sufficient time to review it prior to the sentencing hearing. Finally, the Defendant argues that his counsel was ineffective for failing to argue that all real properties owned by the Defendant were purchased with legitimate funds and, thus, were not subject to forfeiture.

The United States moved for additional time to respond to the Defendant's motion and the Magistrate Judge granted the government until January 23, 2012 to respond. Prior to that date, the Defendant moved for summary judgment in his favor arguing that the United States had failed to timely respond to his § 2255 motion. On January 23, 2012, the United States moved to dismiss the Defendant's § 2255 motion.

These matters were referred to the United States Magistrate Judge for consideration. The Magistrate Judge entered a Recommended Disposition (DE 415) in which he recommends that the government's Motion to Dismiss be granted and that the Defendant's § 2255 motion and his Motion for Summary Judgment be denied. The Magistrate Judge also recommends that the Court deny the Defendant a Certificate of Appealability.

**II.     Analysis**

As to the Defendant's Motion for Summary Judgment, the Magistrate Judge determined that it should be denied because the Defendant's sole argument that he was entitled to judgment in his favor was that the United States had failed to timely respond to his § 2255 motion. The Magistrate Judge noted that the United States responded to the motion within the extended time he granted it. The Court agrees with this analysis and, thus, will adopt this portion of the Recommended Disposition as the Court's opinion on the Defendant's Motion for Summary Judgment.

As to the Defendant's § 2255 motion, the Magistrate Judge recommends that it be denied because the Defendant knowingly and voluntarily waived the right to collaterally attack his guilty plea, conviction, and sentence. (DE 405.) In its opinion on the Defendant's appeal, the Sixth Circuit had previously determined that "[t]he record demonstrates that Jones understood the waiver contained in the plea agreement and consented to it voluntarily and that the plea was taken in compliance with Federal Rule of Criminal Procedure 11." (DE 393.) Thus, the Magistrate Judge did not err in determining that the Defendant knowingly and voluntarily waived his right to collaterally attack his guilty plea, conviction, and sentence.

Even if the waiver is valid, however, this Court could still consider any claim by the Defendant that his guilty plea was the product of ineffective assistance of counsel. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). The Defendant does not claim, however, that he entered into the plea agreement because of his counsel's ineffectiveness. Instead, he argues

3

that his counsel was ineffective for 1) failing to preserve the Defendant's right to appeal the issue of the sufficiency of the factual basis for the firearms charge; 2) failing to provide the Defendant with the PSR in sufficient time to make objections; and 3) failing to argue that the Defendant's real properties were not subject to forfeiture. The Magistrate Judge correctly found that the Defendant waived his right to make these arguments in a § 2255 motion.

The Defendant makes four objections to the Magistrate Judge's recommendation. First he argues that , in determining whether he knowingly and voluntarily waived his right to collaterally attack his guilty plea, the Magistrate Judge failed to apply the Supreme Court's recent decisions in in *Missouri v. Frye,* 132 S.Ct. 1399 (2012) and *Lafler v. Cooper,* 132 S.Ct. 1376 (2012). Each of those cases were decided after the Sixth Circuit's decision in this case.

In each of those cases, the defendant argued that his counsel's ineffective assistance caused the defendant to fail to accept a plea offer. *See Lafler*, 132 S.Ct. at 1382-83. In *Frye*, the Court held that defense counsel was ineffective because he failed to tell the defendant about a plea offer by the prosecution. *Frye*, 132 S.Ct. at 1408. In *Lafler*, the parties agreed that defense counsel was ineffective during plea negotiations for inaccurately advising the defendant to reject a plea offer because he could not be convicted at trial. *Lafler*, 132 S.Ct. at 1384. Neither of these cases address the threshold issue the Sixth Circuit has already decided in this case, i.e., whether the Defendant knowingly and voluntarily waived his right to collaterally attack his guilty plea, conviction, and sentence. Accordingly, the Magistrate Judge did not err in failing to apply these cases.

The Defendant's second objection to the Magistrate Judge's recommendation is that the Magistrate Judge failed to liberally construe the Defendant's pleadings as the Court is required to do for a *pro se* plaintiff. The Defendant's only specific complaint is that this Court -- not the Magistrate Judge -- failed to properly consider a letter he wrote to the Court on September 6, 2009 after he had pleaded guilty but before sentencing. (DE 303). The Defendant argues that this Court should have construed the letter as a motion to withdraw his guilty plea.

This issue was not addressed by the Magistrate Judge because it was not raised in any pleading until the Defendant's objections to the Magistrate Judge's recommendation. The Defendant's failure to raise this claim in his initial § 2255 motion constitutes a waiver of the argument. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Further, this argument appears to go to the validity of the Defendant's guilty plea. As discussed, the Sixth Circuit has already determined that the "plea was taken in compliance with Federal Rule of Criminal Procedure 11." (DE 393). Finally, the Court notes that, after he sent his letter to the Court, the Defendant filed a Sentencing Memorandum and appeared before the Court for Sentencing. He never mentioned that he wished to withdraw his guilty plea.

The Defendant's third objection to the Magistrate Judge's recommendation is that it was rendered without first granting the Defendant a hearing on his § 2255 motion. An evidentiary hearing on a § 2255 motion is not required, however, where the "motion and the files and records of the case conclusively show that the prisoner is [not] entitled to . . . relief." *Fontaine v. United States*, 411 U.S. 213, 215 (1973) (citation omitted); *Blanton v. United*

5

*States*, 94 F.3d 227, 235 (6th Cir. 1996). The Sixth Circuit has already determined that the "record demonstrates that Jones understood the waiver contained in the plea agreement and consented to it voluntarily and that the plea was taken in compliance with Federal Rule of Criminal Procedure 11." (DE 393.) Accordingly, the Magistrate Judge did not err by failing to hold a hearing on the Defendant's § 2255 motion.

Finally, the Defendant argues that he is innocent of the § 924(c) charge. This argument appears to go to the validity of the Defendant's plea. Again, the Sixth Circuit has determined that issue.

For all these reasons, the Court will adopt the Magistrate Judge's Opinion and Order and deny the Defendant's § 2255 motion.

The Defendant has also filed a Motion for Stay of Forfeiture Pursuant to Federal Rule of Criminal Procedure 32.2(d) and a Motion to Halt Seizure (DE 422). Rule 32.2 provides that the Court may stay a forfeiture order when a defendant appeals from a conviction or an order of forfeiture. It does not provide for a stay where a defendant appeals from an order denying a § 2255 motion. Further, in determining whether to grant the stay provided for under the rule, the Court will consider the Defendant's likelihood of success on appeal. *United States v. Clark*, 2007 WL 1140913, at * 1 (E.D. Mich. 2007). Because the Sixth Circuit has already determined that the Defendant knowingly and voluntarily waived his right to appeal and collaterally attack his guilty plea, conviction and sentence, the Court cannot find that the Defendant has any likelihood of success on appeal of this Opinion and Order. Accordingly, the Defendant's a Motion for Stay of Forfeiture Pursuant to Federal Rule of

6

Criminal Procedure 32.2(d) and a Motion to Halt Seizure (DE 422) will be denied.

For all these reasons, the Court hereby ORDERS as follows:

1) The Magistrate Judge's Recommended Disposition (DE 415) is ADOPTED as the Court's Opinion on the Defendant's Motion to Vacate under 28 U.S.C. § 2255 and the Defendant's Motion for Summary Judgment (DE 403);

2) The Defendant's Motion to Vacate under 28 U.S.C. § 2255 (DE 399) is DENIED;

3) The Defendant's Motion for Summary Judgment (DE 403) is DENIED;

4) The Defendant's Motion to Reconsider (DE 417) is DENIED;

5) the Government's Motion to Dismiss (DE 405) is GRANTED;

6) the Defendant's Motion to Stay Forfeiture and Halt Seizure (DE 422) is DENIED;

7) this action is DISMISSED and STRICKEN from the Court's active docket; and

8) the Court denies any request for a Certificate of Appealability of this Opinion and Order.

This 30th day of November, 2012.

Signed By:
Karen K. Caldwell
United States District Judge