UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff/Respondent, | ) No. 7:08-CR-28-KKC-REW |
| v. | ) RECOMMENDED DISPOSITION |
| MANUEL JONES, | ) |
| Defendant/Movant. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Manuel Jones filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. DE #431 (Motion). Because the motion as submitted failed to specify grounds for relief or provide facts supporting each ground and did not substantially follow the required standard form, the Court ordered Jones to fully complete and file the standard § 2255 form. DE #432 (Order). The Court also ordered Movant to show cause why the motion should not be transferred to the Sixth Circuit as a second or successive § 2255 motion. Despite being afforded an opportunity to do so, Jones did not respond.

Having reviewed the full record, the Court **RECOMMENDS** that the District Court **TRANSFER** the instant § 2255 motion (DE #431) to the Sixth Circuit pursuant to 28 U.S.C. 1631. The motion is second or successive and the record does not reflect proper certification.

I. **Procedural History**

Jones pled guilty to counts one and twelve of the Indictment on May 28, 2009 (DE #222), and District Judge Caldwell sentenced him on September 18, 2009 to a total

sentence of 84 months imprisonment. DE #309 (Judgment). The counts of conviction were conspiracy to distribute oxycodone under 21 U.S.C. § 846 (count one) and possession of firearms in furtherance of a drug trafficking crime under 18 U.S.C. §924(c)(1) (count twelve). Defendant directly appealed to the Sixth Circuit, which dismissed the appeal on the Government's motion. DE #393 (Sixth Circuit Order). Jones then filed a *pro se* motion pursuant to § 2255 (DE #399), which Judge Caldwell denied on November 30, 2012. DE #425 (Opinion and Order). Defendant subsequently sought a certificate of appealability from the Sixth Circuit, which denied the request. DE #430 (COA denial). Jones again seeks § 2255 relief.

## II. Analysis

Prior to filing a second or successive § 2255 motion, a defendant must first obtain authorization from the Sixth Circuit. *See* 28 U.S.C. § 2244(a), 2255(h). Per 28 U.S.C. § 2255(h):

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Id.* The record here does not reflect proper certification. Although the theory here is somewhat unclear, Movant generally claims ineffective assistance of counsel related to counsel's alleged failure to challenge the sufficiency of the evidence and in advising Jones to plead to the § 924(c) charge despite Jones's supposed protestations of innocence. DE #431 (Motion) at 3. Jones also suggests concerns with plea agreement content.

Again, however, the motion does not articulate record-based facts in support of the claims and does not state specific grounds for relief.

Jones already made an unsuccessful effort at securing § 2255 relief. DE ##399 (Motion); 425 (Opinion and Order); 430 (COA denial). In that filing, he raised three theories premised on ineffective assistance. This is the same variety of argument he attempts by the pending motion. Because Jones previously contested the validity of his conviction before the Court via § 2255, the Court finds that the latest effort is a second or successive motion. *See Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998); *see also United States v. Deeb*, 944 F.2d 545 (9th Cir. 1991); *Barton v. Wilson*, No. 10-349-HRW, 2012 WL 1634013 (E.D. Ky. May 8, 2012) (citing *Corraro* and *Deeb*).

The Sixth Circuit requires transfer, for want of jurisdiction, when a movant files a second or successive § 2255 motion in the district court (and without proper circuit authorization). *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Once this Court determines the motion is second or successive, it has no jurisdiction to continue and must transfer the matter to the Sixth Circuit for further processing. 28 U.S.C. § 2255(h); *id.* § 2244; *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012) ("*Sims* instructs district courts to transfer only 'successive' petitions to our court for want of jurisdiction under 28 U.S.C. § 1631 rather than dismiss them outright."); Rule 9, Rules Governing Section 2255 Proceedings for the United States District Courts.

### III. Recommendation

The instant motion is second or successive and not, as a predicate, certified by the Sixth Circuit. Accordingly, the Court **RECOMMENDS** that the District Court **TRANSFER** Jones's motion (DE #431) to the Sixth Circuit pursuant to 28 U.S.C. § 1631

and *Sims*, for proceedings in accordance with 28 U.S.C. § 2244 and Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts. On this record, the Court is without jurisdiction to assess the merits of Jones's claims.

\* \* \* \* \*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rule 8(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and usually does, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 6th day of March, 2014.



Signed By:
*Robert E. Wier*
United States Magistrate Judge